Definite suspension.

24448

In the Matter of Alvin J. NEAL, Respondent.

(472 S.E. (2d) 621)

Supreme Court

*Coming B. Gibbs, Jr.*, Charleston, *Ralph S. Kennedy, Jr.*, Batesburg-Leesville, and *O. Grady Query*, Charleston, *for respondent.*

*Attorney General Charles Molony Condon* and *Assistant Deputy Attorney General J. Emory Smith, Jr.*, Columbia, *for complainant.*

Submitted May 28, 1996.

Decided June 17, 1996.

*Per Curiam:*

In this attorney disciplinary matter, respondent conditionally admits to engaging in misconduct and agrees to be suspended from the practice of law for ninety days, retroactive to the date of his temporary suspension. We accept the conditional admission.

Respondent entered into a plea agreement with the Attorney General's Office whereby respondent agreed to waive presentment and plead guilty to one count of failure to make and file a South Carolina Income Tax return in violation of S.C. Code Ann. § 12-54-40(b)(6)(c) (Supp. 1995). In exchange

for the plea, the State agreed not to prosecute respondent for two other similar charges for the tax years 1991 and 1993. Pursuant to the plea agreement, respondent pled guilty and was sentenced to imprisonment for one year and fined $10,000, suspended upon the payment of $1,000 and five years probation. Respondent was also ordered to pay all past due taxes as restitution.

The failure to file a tax return is a serious crime as set forth in Paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. By his conduct respondent has violated Rule 8.4 of the Rules of Professional Conduct, Rule 407, SCACR, by committing a criminal act that reflects adversely upon his honesty, trustworthiness and fitness as a lawyer and has violated Paragraph 5(E), of the Rule on Disciplinary Procedure, Rule 413, SCACR, by engaging in conduct tending to bring the courts or legal profession into disrepute.

In our opinion, respondent's misconduct warrants a definite suspension from the practice of law for ninety days. Accordingly, respondent is suspended for ninety days, retroactive to April 10, 1996, the date of his temporary suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.